Dear Mr. Hughes:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Gas Utility District No. 1 of West Feliciana Parish ("Gas District:"), you have asked for our opinion on whether the expenditure of public funds for the construction of a privately owned bridge is prohibited by Louisiana Constitution ArticleVII, Section 14.
As background, your request indicates that the Gas District was created in 1970 pursuant to La. R.S. 33:4301 et seq., primarily to supply natural gas to the penitentiary at Angola and East Louisiana State Hospital in Jackson. A pipeline was subsequently constructed and financed in part by a lease agreement with the state.
The route of the pipeline required it to cross Como Bayou at Como Plantation. Consequently, the Gas District acquired a servitude for this purpose from the then owner of the property. In addition to granting the servitude, the Gas District was given permission to suspend its pipeline on the privately owned bridge crossing Como Bayou. A condition and consideration for this servitude grant was the Gas District's obligation to thereafter maintain the bridge.
Your request goes on to indicate that the Gas District is now engaged in the first major repair project of its pipeline since its original construction. Part of the repair project includes the relocation of the pipeline off of the Como Bridge to be bored under Como Bayou. However, you surmise that even though the pipeline will be removed from the bridge, the obligation to maintain the bridge remains as long as any part of the pipeline is on the Como property. Further, due to the existing bridge's age and condition and because the banks of the bayou at its present condition are eroding, it is likely the existing bridge will need major reconstruction in the near future.
In connection with relocation of the pipeline at the bayou crossing, the present owner of Como Plantation has agreed that, if the Gas District will construct a new bridge across the bayou, he will permit the relocation of the servitude off of the bridge and release the Gas District from any further obligation of bridge maintenance.
The question presented must be addressed in light of the provisions of Louisiana Constitution Article VII, Section 14, which provides as follows:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivisions shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
Guided by the standard expressed in City of Port Allen v. LouisianaRisk Management, et al.[1] which holds that Article VII, Section 14 is violated "whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so", the Attorney General in a long series of opinions interpreted the constitutional prohibition of Article VII, Section 14 to require a three-fold predicate for the lawful expenditure of public funds. First, the political subdivision must have either a legal obligation or delegated authority to do so. Second, the non-gratuitous alienation of public funds must be for a public purpose and third, it must create a public benefit proportionate to the value of the public property or funds alienated or transferred. Therefore, the Attorney General's three-point analyses of Article VII, Section 14 questions legal obligation, public benefit and proportionality.
Recently, in The Board of Directors of the Industrial DevelopmentBoard of the City of Gonzales, Louisiana, Inc. v. All Taxpayers,property owners, citizens of the City of Gonzales, et al.[2], the Louisiana Supreme Court found the City of Port Allen standard to be an "unworkable and incorrect interpretation of La. Const. art. VII, Section (A)" and accordingly articulated a new standard. The new standard effectively holds that Article VII, Section 14 is violated "only when the public funds or property are gratuitously alienated".
Whether public funds or property are "gratuitously alienated" ultimately depends on the facts and circumstances surrounding the proposed expenditure. As a general rule, the Attorney General's Office refrains from conducting factual evaluations. However, it is the opinion of this office that in order for a proposed expenditure of public funds to be acceptable: 1) The political subdivision must have a reasonable expectation of receiving something of value in exchange for the proposed expenditure of public funds; 2) The non-gratuitous alienation of public funds must be for a public purpose and 3) It must create a public benefit proportionate to the value of public property or funds alienated or transferred. Under the facts presented, we are of the opinion that the proposed expenditure does not appear to violate the provisions of Article VII, Section 14.
In exchange for constructing the new bridge across the bayou, the Gas District will be allowed to relocate the servitude off of the existing bridge and obtain the right to bore under the Como property. Further, the Gas District will acquire the right of unrestricted access and use of the newly constructed bridge and will be released from any further obligation of bridge maintenance.
As an alternative to the proposed transaction, you have indicated that the Gas District has considered relocating its pipeline so that it entirely bypasses the Como property. However, in addition to the cost of right away acquisition, the cost of construction for this alternative substantially exceeds the cost of a new bridge. Further, the Gas District would be unable to use the existing bridge for access to the remainder of its pipeline which presents a problem.
Under the facts presented, it appears the Gas District has a reasonable expectation of receiving something of value in exchange for the proposed expenditure. Further, it appears the proposed expenditure benefits the public. The pipeline at issue supplies much needed natural gas to Angola State Penitentiary and the East Louisiana State Hospital. Both of these state entities rely on natural gas for their operations. The proposed expenditure would allow these state entities to continue to receive the much needed natural gas. Although we are not in a position to determine whether the proposed expenditure is proportionate to the perceived public benefit, we do believe the Gas District has the requisite authority to expend public funds and under the facts presented, the proposed expenditure of public funds does not amount to a gratuitous alienation or donation of public funds.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY:__________________________ MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt
[1] 439 So.2d 399 (La. 1983).
[2] 2006 WL 2548480 (La.), 2005-2298 (La. 9/6/06).